IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D.T., a minor, by and through his parents B.K.T. and B.H.T., ) ) ) Plaintiffs, ) ) v. ) ) SUMNER COUNTY SCHOOLS and VENA STUART ELEMENTARY SCHOOL, ) ) ) ) Defendants. ) | NO. 3:18-cv-00388 JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |

### MEMORANDUM & ORDER

Pending before the Court is Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, requesting that the Court enjoin Defendants from pursuing state truancy charges against Plaintiffs in Sumner County Juvenile Court, and order the Juvenile Court to dismiss Defendant's truancy petition against Plaintiffs. (Doc. No. 6). For the reasons discussed below, Plaintiffs' motion is **DENIED**.

### I. RELEVANT FACTS

Plaintiffs' Verified Complaint and the pending Motion for Temporary Restraining Order include many allegations. The Court, however, will only address the few allegations relevant to its analysis of the pending motion. Plaintiff D.T. is a minor child with autism. (Doc. No. 6 at 2). D.T.'s parents made numerous attempts to find appropriate educational placement for D.T., finding that the only documented progress D.T. made during the 2016-2017 academic year was through a home-based program he attended after school. (*Id.*). In late 2017, D.T.'s parents worked with Defendants to create and Individualized Educational Program ("IEP") for D.T., but experienced delay and disagreements with Defendants over an appropriate IEP. (*Id.* at 3-4).

Plaintiffs further allege that in October 2017, Defendants began threatening Plaintiffs with truancy charges related to D.T.'s attendance in school, despite being aware of Plaintiffs' ongoing attempts to develop an IEP. (Doc. No. 6 at 4). Plaintiffs allege that D.T.'s parents allowed him to begin attending Venn Stuart Elementary School ("VES") in November 2017 because of these threats, but that D.T. sustained "staggering regression" in the following 67 days while attending VES. (*Id.* at 6). Thus, Plaintiffs removed D.T. from VES at the beginning of February 2018 and transferred him to Hope Autism and Behavioral Health Services, a private facility. (*Id.* at 5, 7). Plaintiffs allege that Defendants renewed its threats of truancy charges against Plaintiffs, and on March 9, 2018, filed a truancy petition against Plaintiffs in Sumner County Juvenile Court, Docket No. 18-000815. (*Id.* at 8).

Defendants' truancy petition against Plaintiffs is scheduled to be heard on May 31, 2018. Citing to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et. seq.* and principles of the Supremacy Clause, Plaintiffs request this Court to temporarily restrain Defendants from pursuing the truancy charges and order the Juvenile Court to dismiss the petition. Because Plaintiffs' motion asks this Court to interfere with a pending state proceeding and federal courts generally are required to abstain from doing so, this Court must first consider principles of abstention before considering the relief Plaintiffs seek.

## II. LAW AND ANALYSIS

In *Younger v. Harris*, 401 U.S. 36 (1971), the United States Supreme Court held that federal court abstention generally is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state court criminal proceedings.[1]  *Id.* at 53-54.

---

[1] Given that Plaintiff's Verified Complaint and Motion for Temporary Restraining Order were filed just yesterday, Defendants have not been afforded an opportunity to respond and raise the issue of abstention. This Court, however, may raise *Younger* abstention *sua sponte*. *See e.g., O'Neill v. Coughlan*, 511 F.3d 638 (6th Cir. 2008); *Lewis v. Tennessee*, 2014 WL 6612093, at *2 (M.D. Tenn. 2014).

2

*Younger* abstention is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceeding provide an adequate opportunity to litigate the plaintiff's federal constitutional claim. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). All three requirements are met in the present case.

First, there are ongoing proceedings against Plaintiffs. Defendants' truancy petition is pending with a hearing set for May 31, 2018, and will remain pending until Plaintiffs have "exhausted [their] state appellate remedies." *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). Plaintiffs do not dispute the truancy action was pending at the time they filed the instant motion. Second, Defendants' truancy petition implicates important state interests because the State of Tennessee has a substantial interest in educating children. *See Crites v. Smith*, 826 S.W.2d 459 (Tenn. Ct. App. 1991) (holding that education is a "prime objective of American government" and Tennessee has a compelling interest in ensuring children receive an adequate education). Plaintiffs do not dispute the State's significant interest in educating children. Finally, Plaintiffs have an adequate opportunity in the state proceedings to present and litigate the constitutionality of the truancy charges, and have not asserted that they have been denied such an opportunity. *See Lewis*, 2014 WL 6612092 at *2 ("[P]resumably state court proceedings provide an adequate forum in which the plaintiff can raise constitutional challenges . . .").

Because the pending state truancy proceeding meets all three requirements for *Younger* abstention, the Court must abstain from granting, or even considering, Plaintiffs' requested injunctive relief. Accordingly, Plaintiffs' motion is **DENIED**. The Court also notes that the abstention doctrine may necessitate a stay or dismissal of the entire case, but will reserve consideration of that possibility until Defendants have an opportunity to respond to Plaintiffs' Verified Complaint.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE