# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| D.T., a minor, by and through his parents B.K.T. and B.H.T., ) ) ) | |
| Plaintiffs, ) ) | NO. 3:18-cv-00388 |
| v. ) ) | JUDGE CAMPBELL |
| SUMNER COUNTY SCHOOLS and VENA STUART ELEMENTARY SCHOOL, ) ) ) ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss Complaint, Or in the Alternative, Motion to Stay. (Doc. No. 13). Plaintiffs filed a response in opposition (Doc. No. 16), and Defendants replied. (Doc. No. 21). For the reasons stated below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

## I.  BACKGROUND

According to Plaintiffs' Verified Complaint, Plaintiff D.T. is a minor child with autism. (Doc. No. 6 at 2). During the 2016-2017 academic year, D.T.'s parents made numerous attempts to find appropriate educational placement for D.T., finding that the only documented progress D.T. made was through a home-based program he attended after school. (*Id.*). In late 2017, D.T.'s parents worked with Defendants to create an Individualized Educational Program ("IEP") for D.T., but experienced delay and disagreements with Defendants over an appropriate IEP. (*Id.* at 3-4).

Plaintiffs further allege that in October 2017, Defendants began threatening Plaintiffs with truancy charges related to D.T.'s attendance in school, despite being aware of Plaintiffs' ongoing attempts to develop an IEP. (Doc. No. 6 at 4). Plaintiffs allege that D.T.'s parents allowed him to

begin attending Venn Stuart Elementary School ("VES") in November 2017 because of these threats, but that D.T. sustained "staggering regression" in the following 67 days while attending VES. (*Id.* at 6). Thus, Plaintiffs removed D.T. from VES at the beginning of February 2018 and transferred him to Hope Autism and Behavioral Health Services, a private facility. (*Id.* at 5, 7). Plaintiffs allege that Defendants renewed its threats of truancy charges against Plaintiffs, and on March 9, 2018, filed a truancy petition against Plaintiffs in Sumner County Juvenile Court, Docket No. 18-000815. (*Id.* at 8).

Plaintiffs filed this action and a motion for a temporary restraining order and preliminary injunction on April 24, 2018. (Doc. Nos. 1, 6). The Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction on federal abstention grounds pursuant to *Young v. Harris*, 401 U.S. 36 (1971). (Doc. No. 9). The Court held that because the parties' pending state truancy proceeding met the requirements for *Younger* abstention, it was precluded from even considering Plaintiffs' requested injunctive relief. (*Id.*). The Court noted that the abstention doctrine could necessitate a stay or dismissal of the entire action, but reserved its ruling until Defendants had an opportunity to respond to the Verified Complaint.

On May 21, 2018, Defendants' filed the pending motion, seeking to dismiss Plaintiffs' Verified Complaint, or in the alternative, stay the case on *Younger* abstention grounds. (Doc. No. 13). The parties represented to the Magistrate Judge during a July 13, 2018 case management conference that the state court truancy case is set for trial on December 6, 2018. (Doc. No. 27).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true and draw all reasonable inferences in

2

favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The Plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" to establish the plausibility required to "unlock the doors of discovery." *Id.* at 678.

When faced with a threshold question of whether to apply the *Younger* abstention doctrine, a court may first address the issue of *Younger* abstention before engaging in any analysis on the merits of the case. *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005).

### III. ANALYSIS

Defendants argue Plaintiffs' claims must be dismissed or stayed on *Younger* abstention grounds until resolution of the state court truancy proceeding. (Doc. No. 14). In response, Plaintiffs argue *Younger* abstention applies only to deny injunctive relief, not the declaratory relief Plaintiffs seek in their Verified Complaint. (Doc. No. 16). Plaintiffs also contend that Tennessee's truancy laws conflict with federal IDEA law enabling a child with a disability to be removed from public school and placed in private school. (*Id.*). Finally, Plaintiffs argue Defendants' state court truancy proceeding was filed in retaliation for Plaintiffs enforcing their special education rights. (*Id.*).

For the reasons outlined in its April 25, 2018 Order (Doc. No. 9), the Court finds the *Younger* abstention doctrine precludes it from considering the declaratory relief Plaintiffs seek in this Court while the state court truancy proceeding is pending. Contrary to Plaintiffs' argument, "*Younger* abstention also applies in federal declaratory judgment actions because they involve

3

'precisely the same interference with and disruption of state proceedings' as an injunction." *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998). Accordingly, the Court concludes this action should be stayed, but not dismissed, pending resolution of the state court proceeding. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995) ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."). Thus, Defendants' motion to stay is **GRANTED** and Defendants' motion to dismiss is **DENIED**.

Because the Court finds that *Younger* abstention applies, it declines to address Plaintiffs' arguments regarding federal preemption and Defendants' alleged retaliatory conduct, as these arguments address the merits of Plaintiffs' lawsuit.

Within 30 days of the conclusion of the parties' state court proceedings, including any appeals, the parties are directed to file a status report with this Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE