# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| D.T., a minor, by and through his parents B.K.T. and B.H.T., ) ) ) | |
| Plaintiffs, ) ) | |
| ) | NO. 3:18-cv-00388 |
| v. ) ) | JUDGE CAMPBELL |
| SUMNER COUNTY SCHOOLS and ) VENA STUART ELEMENTARY ) SCHOOL, ) ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. ) | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiffs' Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, requesting that the Court enjoin Defendants from enforcing the penalties entered against Plaintiffs in Sumner County Juvenile Court and from filing additional truancy petitions against Plaintiffs. (Doc. No. 39). Defendants filed a response in opposition (Doc. No. 44), and Plaintiffs have replied. (Doc. No. 49). The Court held a hearing on the Motion on January 9, 2019 at 1:30 p.m., which was attended by counsel for all parties. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

In determining whether to grant a preliminary injunction or temporary restraining order, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Ohio Republican Party v. Brunner,* 543 F.3d. 357, 361 (6th Cir. 2008). Injunctive relief is an "extraordinary remedy which should be granted only if the movant carries his or her burden of

proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The Court finds Plaintiffs have failed to demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (emphasis in original). Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *E. Greyhound Lines v. Fusco*, 310 F.2d 632, 634 (6th Cir. 1962). Plaintiffs must demonstrate that the harm alleged is "both certain and immediate, rather than speculative or theoretical." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 154 (6th Cir. 1991); *see also Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy...."). The harm alleged by Plaintiffs is that if, at some point in the future, Plaintiffs decide to unenroll D.T. from his current state-approved school and if they subsequently decide not to enroll D.T. in another state-approved school, Defendants will file a truancy petition against them, which could result in a criminal conviction. (Doc. No. 39-1 at 22-23 and Doc. No. 41-1 at 1-2). The Court finds Plaintiffs have failed to establish the alleged harm is likely in the absence of an injunction, and not just a possibility "feared as liable to occur at some indefinite time in the future."

Accordingly, Plaintiffs' Second Emergency Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED**. *See Brown v. District of Columbia*, 888 F.Supp.2d 28 (D.D.C. 2012) (denying preliminary injunction without considering factors other than likely irreparable harm); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) ( "…the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE